*Filed in open Court This 5th day of July 2008*
*JJF*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 08-27-JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHUNG HANG CHENG, a/k/a | : | |
| JAMES CHENG | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney for the District of Delaware, and the defendant, Chung Hang Cheng, a/k/a James Cheng, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant, Chung Hang Cheng, a/k/a James Cheng, agrees to plead guilty to Count One of the Indictment, which charges that the defendant did knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes, in violation of Title 18, United States Code, Sections 2341(2) & 2342, an offense which carries a maximum penalty of imprisonment of not more than 5 years, a $250,000 fine, or both, 1 year of supervised release, and a $100.00 special assessment.

2.    The defendant understands that the elements of the offense to which he is pleading guilty are that: (1) the defendant did knowingly; (2) ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes; (3) which are defined as a quantity in excess of 10,000

cigarettes which bear no evidence of the payment of of the applicable State of Delaware cigarette taxes required by Title 30, Delaware Code, Section 5342.

3.      The defendant agrees to pay the $100 special assessment at the time of sentencing.

4.      Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

5.      The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge.  The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the sentencing guidelines.  The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7.      It is further agreed by the parties that this Memorandum supersedes all prior

promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

Chung Hang Cheng,
a/k/a James Cheng
Defendant

BY: _____
Seth M. Beausang
Assistant United States Attorney

Dated:

Dated: 7/8/08

Luis A. Ortiz, Esquire
Attorney for Defendant

Dated:

**AND NOW,** this 8 day of July, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
United States District Court Judge